IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHAID AARON MUHAMMAD, )<br>No. R21047, )<br>  )<br>    Plaintiff, )<br>  )<br>  vs. )<br>  )<br>CHAPLAIN VAUGHN, and )<br>ILLINOIS DEPT. OF CORRECTIONS, )<br>  )<br>    Defendants. ) | Case No. 14-cv-00037-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Ahaid Aaron Muhammad, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 regarding his exclusion from the list of prisoners approved to attend Muslim religious services. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") in this case, without prepayment of the Court's usual $400.00 filing fee in a civil case (Doc. 3). *See* 28 U.S.C. § 1914(a).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. However, 28 U.S.C. § 1915(g), presents a preliminary hurdle that Muhammad must clear before that threshold review can be undertaken.

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account

statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form and which indicates he is indigent, but this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Muhammad has already had four cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Muhammad v. Cook County Dept. of Corrections*, No. 02-cv-392 (N.D. Ill. March 28, 2002); *Muhammad v. Chicago Police Dept.*, No. 02-cv-395 (N.D. Ill. March 25, 2002); *Muhammad v. Circuit Court of Cook County*, No. 09-cv-895 (N.D. Ill. May 14, 2009); and *Muhammad v. Chicago Police Dept.*, No. 09-cv-2661 (N.D. Ill. Aug. 27, 2009). Consequently, Plaintiff may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)). Plaintiff's claims pertain solely to access to religious services, which does not implicate any threat of serious physical danger. Therefore, Plaintiff may not proceed with this action until he pays the $400.00 filing fee in full.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **FIFTEEN (15) DAYS** of the entry of this Order **(on or before February 28, 2014)**.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 13, 2014

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**