IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHAID AARON MUHAMMAD, )<br>No. R21047, )<br> )<br>　　　　　Plaintiff, )<br> )<br>　vs. )<br> )<br>CHAPLAIN VAUGHN, and )<br>ILLINOIS DEPT. OF CORRECTIONS, )<br> )<br>　　　　　Defendants. ) | Case No. 14-cv-00037-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Ahaid Aaron Muhammad, an inmate in Lawrence Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 regarding his exclusion from the list of prisoners approved to attend Muslim religious services. Plaintiff was denied leave to proceed *in forma pauperis* ("IFP") in this case because he had accumulated three strikes for purposes of 28 U.S.C. § 1915(g), and he failed to show that he is under imminent danger of serious physical injury (Doc. 5).

Plaintiff was given until February 28, 2014, to pay the $400.00 filing fee in full (Doc. 5). He was also warned that if he failed to pay the filing fee this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has not paid the fee or had any other contact with the Court. Consequently, this case will be dismissed with prejudice.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998) (fee remains due even where

suit is dismissed); *Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir.1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced). Accordingly, the filing fee will be swept from Plaintiff's prison trust account using the procedures prescribed in 28 U.S.C. § 1915(b) and *Newlin*. A separate Order directed to the prison will issue.

The courts of this circuit will not allow struck-out prisoners to repeatedly file new lawsuits seeking pauper status without regard to the imminent danger requirement. *See Newlin,* 123 F.3d at 437 (citing *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis,* and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton,* 209 F.3d 1025 (7th Cir.2000); *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir.1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."). Accordingly, Plaintiff shall be ordered to show cause why he should not be barred from filing any further actions in this Court until such time as he pays in full the outstanding $400.00 filing fee he owes the Court.[1]

**IT IS THEREFORE ORDERED** that this action is **DISMISSED with prejudice**. Judgment shall enter accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,*

---

[1] A ban order would direct that, until the plaintiff has paid in full all outstanding fees and sanctions in all civil actions he has filed in this district, the Clerk of this court shall return unfiled any papers submitted either directly or indirectly by or on behalf of the Plaintiff. The ban would not apply to criminal cases or petitions challenging the terms of his confinement, and could be reexamined in two years under the approach of *Newlin,* 123 F.3d at 436-37, and *Support Systems Int'l Inc.,* 45 F.3d at 186-87.

547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. FED. R. APP. P. 4(a)(4).

**IT IS FURTHER ORDERED** that, on or before **April 7, 2014**, Plaintiff shall **SHOW CAUSE** in writing why this Court should not restrict him from filing any further actions in this Court until such time as Plaintiff pays the outstanding **$400.00** owed for this action. Tender by Plaintiff of the <u>full</u> amount owed shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order. If Plaintiff does not pay the full sum or otherwise respond by this deadline, a filing ban will be entered. *See Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995).

**IT IS SO ORDERED.**

DATED: March 17, 2014

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**